## Lance v. Clark, Appellant.

Argued Dec. 8, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Bryan A. Hermes,* for appellant.

*Isaac A. Pennypacker,* with him *Pepper, Bodine, Stokes & Schoch,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 19, 1945:

This is an action in assumpsit to recover for personal services rendered pursuant to a written agreement. Plaintiffs, who are brothers, are consulting engineers retained by defendant to assist him in recovering a claim against the City of Harrisburg for damages resulting from the condemnation of 2350 acres of land owned by defendant and required by the City of Harrisburg for water supply.

The record shows that, through plaintiffs' efforts, defendant was awarded $45,000, instead of the $21,000 which he had been offered by the City. For their services, plaintiffs were to receive, under the contract, a retaining fee of $500, and additional compensation, to "be computed at per diem rates of $50 plus traveling expenses." The agreement further provided that this additional compensation should not exceed one-third of all sums actually paid by the City in excess of $30,000. It was therefore contemplated by the parties that plaintiffs might receive as much as $5,000 additional compensation upon an award of $45,000. This sum was claimed by plaintiffs.

There is no controversy over the fact that plaintiffs rendered valuable services. The record shows that from September 7, 1939, to April 29, 1941, a period of more than a year and seven months, plaintiffs individually and in concert were engaged in collecting technical data and preparing evidence for the trial of defendant's case before the board of view. Plaintiffs' statement shows that J. H. Lance spent 462 hours upon the case, and that W. L. Lance spent more than 346 hours upon the case. Their work was professional, requiring training and skill. They viewed the land, made studies, investigations and calculations for the purpose of appraising its value; they prepared figures and evidence for presentation to the board of view, conferred with defendant and his counsel concerning the development and preparation of the case, providing counsel with the factual basis for his argument; they appeared before the board as experts and gave valuable testimony. The success of their efforts is manifest.

It was admitted that prior to the preparation of the written agreement here in suit, plaintiffs had requested of defendant the sum of $60 per day for the elder brother and $40 per day for the younger. Notwithstanding these facts, defendant has taken a position which would, if adopted by the Court, result in a payment to each of the plaintiffs of no more than $25 per day for seven hours of work.

The controversy arises over the interpretation of the written agreement. Dated September 1, 1939, and ineptly worded, it provides, in part:

". . . J. H. & W. L. Lance, *first party,* hereby agree, for the consideration named herein, to do all the necessary engineering work in connection with ascertainment and proof of value of lands of said Allen Gray Clark, second party. . . .

"The second party shall pay to the *first party* a retaining fee of $500.00 at the ensealing of these presents.

"The *first party* agrees that *it* will obtain all available information which may be of assistance in proving

the fair value of the second party's land aforesaid; and that *it* will present this said information as fully as possible in any proceedings which may be held before viewers, or before the courts, or in conferences with the City of Harrisburg, as required, until the matter has been finally settled.

"The second party agrees to pay to the *first party*, at the conclusion of the proceedings, a sum in addition to the above amount of $500.00, *which shall be computed at per diem rates of $50.00* plus travelling expenses; but the sum so computed shall not exceed 33⅓ percent of the excess above $30,000.00 of all moneys actually paid by the City of Harrisburg to said Allen Gray Clark for the said lands.

"In witness whereof, the parties have hereunto set their hands and seals.

      *"First Party* J. H. & W. L. Lance    (SEAL)
             By J. H. Lance
     "Second Party Allen Gray Clark    (SEAL)"
(italics supplied).

At the trial, which was conducted without a jury, plaintiffs took the position that they had contracted as individuals, and not as a partnership, upon which premise they claimed to be entitled to $50 per day each, subject to the total limitation of $5,000. It was conceded that the contract contemplated a "day" of seven hours. Defendant, on the other hand, contended that the plaintiffs had contracted jointly as a partnership, and that the per diem rate of $50 was to be paid only for seven hours of work by *both partners together*, or a total of fourteen hours individually computed.

If the construction contended for by defendant were to have been adopted, the 808 hours worked by the two plaintiffs would have been divided by fourteen and the resulting figure would have been multiplied by $50, making a total compensation of approximately $2,888. By plaintiffs' method the gross hours would have been divided by seven, and the result multiplied by $50, pro-

ducing a total of approximately $5,776, which would, however, be limited by the contract to $5,000.

The court below held that plaintiffs had contracted "as a firm", which is apparent from plaintiffs' letter to defendant, prior to the agreement, in which *plaintiffs state they are a firm,* and from the language of the agreement wherein plaintiffs are referred to as the "first party", designated by the impersonal pronoun "it", and from the signature by J. H. Lance in the name of the plaintiffs jointly. The court also recognized that the parties did not, in providing for compensation at "per diem rates", refer to calendar days, but to a *work unit of seven hours.* There is no dispute on this point. The learned trial judge, however, rejected the contentions of both parties as to the construction of the compensation clause, and held that: "The intent of the parties was to consider the plaintiffs as a firm, and to pay to the firm $50.00 per day for each day spent by *it* on his work. Every minute, hour, or day *either* plaintiff worked in order to prepare the firm for the purpose it was employed, *is firm time* and is chargeable to the defendant *so long as the work done by either plaintiff was not duplicitous* [*sic.*] *and had to be done by someone*" (italics supplied). Holding that the burden of proof was upon plaintiffs to substantiate the necessity of the work performed, the court analyzed the evidence and found that a total of 224 hours should be excluded from the plaintiffs' computation. This resulted in a finding of $4,176.50 for plaintiffs, exclusive of expenses, which were slightly in excess of $200. The exceptions to the order were dismissed by the court in banc, and from the final judgment for plaintiffs this appeal was taken.

Defendant now takes the position, contrary to that at the trial, that plaintiffs contracted jointly for joint compensation, and it was, therefore, contemplated that they should be paid only for joint performance. This is an obvious non sequitur. It is immaterial whether plaintiffs were, in fact, a partnership, or individuals. Their

undertaking was joint, but there is nothing in the contract which required them to perform the services jointly. The obligation would have been satisfied if either plaintiff *alone* had performed the necessary services for which defendant contracted.

When the provision for additional compensation is understood, as the parties agree it should be, to refer not to compensation for calendar days, but to a *rate* of compensation for a work unit of seven hours, the correctness of the decision by the court below becomes apparent. The illustration adopted by the trial judge to demonstrate his construction of the contract is apt. He referred by analogy to a similar undertaking by a firm of attorneys, X, Y & Z. If such a firm, in addition to its retainer, contracted for its services at $50 per day for each day spent in the trial of a case, no one could contend that the firm should receive more than one payment of $50 for each calendar day so spent, whether X or Y or Z tried the case or whether all three jointly participated. If, on the other hand, they contracted for a retainer and for additional compensation at a rate of $50 per diem, with the understanding, as here, *that the rate was to be applied to a work unit of seven hours,* such compensation to be paid for services in preparing for trial, any time properly so spent by X or Y or Z, or all three together, would be chargeable to the client on that basis. Had the present contract provided that plaintiffs were to be paid additional compensation at the rate of $7.14 per hour (1/7 of $50) for services, there would be no doubt that the computation of the court below was correct. Yet, on this point, the parties are agreed that the contract had this effect, and that the awkward expression of compensation "computed at per diem rates of $50" is tantamount to the expression of an hourly rate.

Judgment affirmed.